No. 14,957.

## MILLER *v.* THE CITY OF INDIANAPOLIS ET AL.

PLEADING.—*Complaint.*—*Injunction.*—*Quieting Title.*—A complaint against a city and street contractors which alleges that the plaintiff is the owner of certain real estate, of which the defendants have unlawfully taken possession, and to which, without having condemned it, they are threatening to do irreparable damage by cutting down the trees and vines grown thereon by the plaintiff, and by grading the land and making a street thereupon, without leave or license from the plaintiff, with notice that she is the owner thereof, and which prays that her title be quieted to the same, and that the defendants be enjoined from further trespassing, is not a complaint to quiet title, but for an injunction, and a trial by jury and a new trial as of right are properly refused.

PARTITION.—*Share Assigned.*—*Ascertainment of.*—*Plat.*—Where the record furnishes the means by which the share assigned to each of the parties in a partition made by commissioners appointed for that purpose can be definitely ascertained, the partition is not void for uncertainty, because of failure to set out in the record the plat prepared dividing the land into blocks, lots, streets and alleys.

SAME.—*Plat-Book.*—*Reference to as Means of Identification.*—Where the record refers as a means of identification of the property set off to the respective parties in a partition suit, to a plat in the recorder's office, where the same is ordered by the court to be recorded, the plat is, when found and properly identified, if the property set off can be ascertained, as effectual as if copied into the record of the partition proceeding.

SAME.—*Plat-Books.*—*Judicial Notice of.*—Judicial notice will be taken that books known as *plat-books* are kept by the county recorders in the various counties of the State, in which are recorded the plats of the towns and cities and the additions thereto, and that such books are kept as public records.

SAME.—*Public Record.*—A plat-book is a legal public record, and a plat prepared by the commissioners in a partition proceeding which is recorded therein by order of the court, is properly recorded.

SAME.—*Certified Copy of Plat.*—*Admissibility of Under General Denial.*—A certified copy of the plat was admissible in evidence under a general denial of the plaintiff's ownership of the land in controversy.

DEDICATION.—*Of Street.*—*To Public.*—A grant or dedication of a street is a grant or dedication to the public, and not to the city.

SAME.—*Sale of Lots with Reference to Street.*—Marking a street upon a plat of an addition to a town or city, and selling lots with reference thereto, constitutes a dedication.

Miller *v.* The City of Indianapolis *et al.*

SAME.—*Express.—Question of Law.*—As to whether a plat contains an express dedication of a strip of ground to the public as a street, is a matter of law for the court.

SAME.—*Inadmissibility of Oral Evidence to Disprove.*—The commissioners in a partition proceeding were ordered by the court to lay off the land in controversy into lots, blocks, streets and alleys, which was done, there being left undivided a strip sixty feet wide extending east and west through the entire width of the land so set off. The commissioners reported to the court that they had divided the land intended for partition into lots, etc., and had assigned to each of the persons interested in said land his share in severalty. All the property abutting on the street had passed into the hands of third parties by conveyance or by mortgage.

*Held,* that oral evidence was inadmissible to prove that it was not the intention of the commissioners to dedicate this strip to the public as a street.

SAME.—*Express.—Evidenced by Recorded Plat.—Intent.—Contradiction of by Parol Testimony.*—An implied dedication may be rebutted by parol testimony, but where the dedication is express, evidenced by a recorded plat, the intent as expressed in such plat can not be contradicted by parol.

From the Hendricks Circuit Court.

*W. W. Woollen,* for appellant.

*C. S. Denny, W. F. Elliott, W. L. Taylor* and *A. L. Mason,* for appellees.

COFFEY, J.—A controversy arose in this case, in the circuit court, as to whether it was an action to quiet title, or an action to obtain an injunction. Acting upon the theory that it was an action to obtain an injunction, the circuit court refused the request of the appellant for a trial by jury, and also overruled the application of the appellant for a new trial as of right. The complaint in the cause, omitting the caption and the description of the land in controversy, is as follows:

"Catharine A. Miller, plaintiff, complains of the city of Indianapolis, Leander A. Fulmer and George W. Seibert, defendants, and says that she is the owner of the following described real estate; * * that said defendants have unlawfully, wrongfully, illegally and forcibly taken possession

of the same, and without having condemned the same, are threatening to do great and irreparable damage to the same, in this, that they are threatening to cut down the trees and vines that have been placed thereupon and have been grown thereon by the plaintiff, and are threatening to plow the land and grade the same, and are threatening to make a street over and upon it; and this, she avers, they are doing without leave or license from her, and with full notice that she is the owner thereof, and under a claim that said real estate is a public street in said city. She, therefore, prays that as against said defendants her title be quieted to said real estate, and that said defendants may be forever enjoined from further trespassing thereon and damaging the same."

It is conceded by both parties, in their briefs, and in the argument of this cause, that every pleading must proceed upon some single definite theory which must be determined by its general scope and character, and that the prayer for relief does not determine the character of the pleading, nor assign to it any particular theory. *First Nat'l Bank, etc.,* v. *Root,* 107 Ind. 224; *Houck* v. *Graham,* 106 Ind. 195.

This complaint is destitute of some of the allegations found in an ordinary complaint to quiet title. Indeed, there is no pretence that any one or all of the defendants make any claim to the title to the land in controversy. While it is true that cities by their common councils have the control of the streets and alleys within their territorial limits, it can not be correctly said that they own such streets and alleys.

A grant or dedication of a street is a grant or dedication to the public, and not to the city. In the case of *Conner* v. *New Albany,* 1 Blackf. 43, it was said by this court: "That which is granted to New Albany can not be public, in the unqualified sense of the word; nor can that which is granted to the public be in any sense the exclusive property of New Albany. A grant of a public street or highway, through either town or country, can not be considered otherwise than

as a grant to the public." See, also, *City of Evansville* v. *Evans*, 37 Ind. 229.

The complaint, however, does contain all the necessary allegations for an injunction in cases of threatened irreparable injury. High Injunctions, sections 701–2.

It is to be gathered from the complaint that the city of Indianapolis claims that the strip of ground in controversy is a public street, and that acting upon that claim the other defendants in this action were proceeding to cut down the trees and vines growing thereon, plow up and grade the same as a street, to the irreparable injury of the plaintiff. In such case the only adequate remedy of the appellant was by injunction. In no other case would the charge that appellees were about to do the appellant irreparable injury find an appropriate place.

We are of the opinion that this complaint must be regarded as a complaint to enjoin the appellees from the commission of the threatened injury therein set forth, and that it proceeds upon the theory that the appellant had no other adequate remedy. It follows that the circuit court did not err in refusing the request of the appellant for a jury trial, as the trial of actions for injunctions belongs exclusively to the court. Nor did the court err in overruling the application of the appellant for a new trial as of right, as such right does not extend to actions for relief by injunction. *Liggett* v. *Hinkley*, 120 Ind. 387.

The defence, relied upon by the appellees, was that the strip of ground in controversy had been dedicated to the public, as a street, by commissioners appointed by the Marion County Circuit Court, in a partition suit pending in that court in the year 1868. A certified copy of the record and proceeding in that cause was read in evidence on the trial of this cause, over the objection of the appellant.

It is not seriously contended that the court had no power to order the land involved in that suit laid off into lots, blocks, streets and alleys, but as the plat prepared by the

commissioners to plat the land, and make partition of the same, is not set out in this record, it is earnestly contended that the decree in partition is void for uncertainty.

It appears by the record read in evidence that Susan L. Davidson and the appellant in this cause instituted in the Marion Circuit Court in the year 1868 a partition suit against Noah N. Davidson and others, in which it was alleged that the plaintiffs therein and the said Noah N. Davidson were the owners as tenants in common of a certain described tract of land, including the land in controversy, each of said parties owning an undivided one-third thereof. During the pendency of the action the appellant intermarried with one Miller, which fact was suggested to the court, and the said Miller was made a party plaintiff with his wife, the appellant herein.

Upon a trial of the cause, and after the court had entered an interlocutory decree for partition, and had appointed commissioners to make partition, the record recites that " It is further ordered, with the assent of all the parties, that the commissioners be directed to lay off said premises into lots, blocks, streets and alleys to facilitate such partition."

At a subsequent day in the term, being the 31st day of December, 1868, the commissioners reported to the court that, after being duly sworn, and having received a copy of the order of the court, they proceeded, with the assistance of a surveyor, and laid off the land described in the order into lots, blocks, streets and alleys, and that they had made a plat thereof, which they then reported to the court for approval. At the close of this report the following record entry was made :

" Whereby it appears to the court that the said commissioners have laid off the said premises into lots, blocks, streets and alleys, which is now agreed to by the said parties that said premises should be laid off into lots, blocks, streets and alleys, and the same is hereby confirmed. And the said plat is ordered to be recorded in the recorder's office of Marion

county, Indiana, and thereupon shall have the same validity in law as if made by a legal proprietor of such land of full age."

On the same day the said commissioners filed their report of partition in which they reported that they had set off and partitioned to the said Noah N. Davidson blocks 3, 4, 7, 19 and 20, in Davidson's third addition to the city of Indianapolis.

To Catharine A. Miller (this appellant) blocks 5, 6, 8 and 15 (homestead) in the same addition; and to Susan L. Davidson blocks 10, 11, 12, 13, 14, 16, 17 and 18 in Davidson's third addition to the city of Indianapolis.

This report was approved by the court, and a judgment of partition was entered of record accordingly.

The court having jurisdiction of the subject-matter and of the persons of the parties to this suit, it can not be reasonably contended that its judgments and decrees in the premises are void unless they are so uncertain that it is impossible to ascertain therefrom what land was set off and partitioned to each of the parties. Doubtless it would have been much better to set out in the record the plat prepared by the commissioners dividing the land into lots, blocks, streets and alleys, as that would have relieved the record from any uncertainty, and would have rendered the controversy we are now considering impossible; but still if the record furnishes the means by which it can be definitely ascertained what the share assigned to each of the parties in the partition then made is, we do not think it is void. It is not the office of a description to identify property, but its office is to furnish the means of identification. *Boyd* v. *Doty*, 8 Ind. 370; *Peck* v. *Sims*, 120 Ind. 345.

For the means of identifying the property set off to the respective parties to this suit, we are referred by the record to the plat prepared by the commissioners under the order of the court to lay the land off into lots, blocks, streets and alleys, and we are to look for that plat in the recorder's of-

fice of Marion county, where the same is ordered to be re-corded.

If, when found and properly identified, the property set off to each can be ascertained, we know of no reason why it should not be as effectual as if copied into the record of the partition proceedings. The office of a description has been fulfilled, and the means of identification are at hand. It is plain, therefore, that the record of the proceedings in partition now before us is to be considered and construed in connection with the plat prepared by the commissioners, if that plat can be found and identified, for such plat is, in fact, a part of the proceedings in that case.

Over the objection of the appellant the appellees read in evidence, on the trial of this cause, what purported to be a certified copy of the plat above referred to, as taken and copied from one of the plat-books in the recorder's office of Marion county.

It is contended by the appellant that as this plat is a part of the proceeding in the partition suit, it should have appeared in the record in that cause, and should have been recorded in the deed record under the provisions of the act of March 5th, 1859, found on page 760, vol. 1, R. S. 1876 ; and that there was no law in force authorizing its record in the plat-book of the recorder's office.

When this evidence was offered by the appellees, it was objected to by the appellant upon the ground :

*First.* That the record and certificate show that it is a certified copy of the plat-book of Marion county, Indiana.

*Second.* That there is no law in this State which authorizes the recording of a plat in the plat-book.

*Third.* That under the law in this State, there is no such thing known as a plat-book to be kept by the recorder.

*Fourth.* That the statutes of this State require that when a plat is made, it shall be recorded in the record of deeds of the county, and this does not purport to be from such record.

*Fifth.* That it was immaterial, irrelevant, and incompe-

tent, and that there is no issue in the case under which it is admissible.

An examination of this plat discloses the fact that it embraces the same land described in the partition proceeding set out above. It divides the land into lots, blocks, streets and alleys, and purports to have been signed and acknowledged by the commissioners appointed by the court to divide the same, and make partition. It refers to the partition case by title and number, and designates the land as Davidson's third addition to the city of Indianapolis, and bears date the 31st day of December, 1868, the date on which the record in the partition proceeding informs us that it was acknowledged and approved by the court. It was recorded in plat-book number 3, in the office of the recorder of Marion county, on the 9th day of January, 1869.

There is little room for doubt that the paper before us is a copy of the plat made by the commissioners in the partition suit to which the appellant was a party. The serious question is as to whether it comes to us in the shape of legitimate evidence. Our attention has not been called to any express statutory provision authorizing what is known as a plat-book.

While the law not only authorizes, but absolutely requires, that plats of towns and cities, and additions thereto, shall be recorded, it seems to be silent as to the name of records in which they shall be so recorded. We must take notice, however, of the fact, as part of the current history of the public business of the State, that books known as *plat-books* are, and have been for many years, kept by the county recorders in the various counties of the State, in which are recorded the plats of the towns and cities and the additions thereto, and that such books are kept as public records. In procuring such records the county recorders no doubt acted upon the correct presumption that where the law required that a particular class of instruments should be recorded, and made no provision for any specific book in which they should be

so recorded, it was their duty to procure suitable records for that purpose. Indeed, frequent reference is made to such records in the statutes of the State, and they have frequently been recognized by legislative enactment as legal public records. With this knowledge before it, the Legislature enacted section 3253, R. S. 1881, which provides that "The acknowledgment of all plats of towns and cities, and of all additions thereto, heretofore taken and certified by any officer provided for in section 3374, are hereby legalized; and the recording of such plats and additions as have heretofore been acknowledged before and certified by any officer provided for in said section is hereby declared to be valid and effectual in law to all intents and purposes."

In view of these facts, and in view of the statute above quoted, we are constrained to hold that the plat-book from which the plat before us was copied is a legal public record, in which the plat prepared by the commissioners in the partition suit before us was properly recorded. To hold otherwise would be to adjudge that most, if not all, of the plats prepared in the last thirty or forty years have never been properly recorded, and would tend to great confusion and much inconvenience. We are of the opinion that the certified copy of the plat before us was properly admitted in evidence, provided there was an issue in the cause under which it was admissible.

The only pleading filed by the appellees was a general denial, and whether the plat was admissible in evidence under that plea depends upon what fact it tended to prove. The appellant's right to recover in the action rested upon the assumption that she was the owner of the strip of land in controversy at the time of the commencement of her suit. Whatever tended to prove that she was not such owner was admissible under a denial of the allegation that she was the owner. We think the plat read in evidence, when taken in connection with the other evidence in the cause, tended to

show that she was not such owner. Pom. Rem. and Rem. Rights, sections 666, 670, 673.

The land in controversy consists of a strip sixty feet wide, extending east and west through the entire width of the tract of land described in the partition proceeding above set out. Its length is one thousand and twelve feet, and its width is sixty feet. As shown by the plat before us, it is bounded on the north by a tier of blocks, numbered, respectively, 12, 13, 14, and 15, the last being the homestead, and one of the blocks assigned to appellant in the partition proceeding. It is bounded on the south by blocks numbered 5, 6, 7, 8, 9, 10 and 11. The first lots above named front south on this strip, and the last named front north on the strip. It is not named on the plat as a street, but it intersects Preston street on the west, and is marked with the figures "60" at each end.

Upon the trial of the cause the appellant proposed to prove by competent oral testimony, that in laying off this addition to the city of Indianapolis it was not the intention of the commissioners, who platted the same, to dedicate this strip to the public as a street, to which offered testimony the court sustained an objection, and the appellant excepted.

At the time this evidence was offered by the appellant, it was in proof that all the property abutting on this strip had passed into the hands of third parties either by way of direct conveyance or by means of mortgages executed by the parties to whom the blocks had been assigned in the partition suit. In these several conveyances and mortgages the land is described by blocks, as it is described in the plat prepared by the commissioners to plat the same, and as it is described in the report of partition made by said commissioners. The city of Indianapolis, acting upon the assumption that this strip had been dedicated to the public as a street, had accepted it as such, and was proceeding to grade and improve it. It is not contended by the appellant that this strip of land is either a lot, block or alley.

If it is neither a lot, block, street nor alley, it is a strip of

land left by the commissioners appointed to make partition wholly undivided.    In their report to the court the commissioners reported that they had divided the land intended for partition into lots, blocks, streets and alleys, and in their report of partition they informed the court that they had assigned to each of the parties interested in said land his or her share in the same in severalty.    No person examining these proceedings would be led to believe that any portion of the land described therein was left undivided, but, on the contrary, when examining the plat in connection with the report of the commissioners in partition, and the judgment of the court thereon, would be led to the belief that the strip in controversy was intended as a sixty-foot street, furnishing an outlet for the blocks abutting thereon.    If the strip had been designated "Miami St.," or a street by any other name, it would not be contended that the appellant could now show by parol testimony that it was not intended to dedicate it as a public street.

Marking a street upon a plat of an addition to a town or city, and selling lots with reference thereto, constitute a dedication.    *Faust* v. *City of Huntington,* 91 Ind. 493 ; *City of Evansville* v. *Page,* 23 Ind. 525 ; *City of Logansport* v. *Dunn,* 8 Ind. 378 ; *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200.

As to whether a plat contains an express dedication of a strip of ground to the public as a street is a matter of law for the court.    *Hanson* v. *Eastman,* 21 Minn. 509 ; *Yates* v. *Judd,* 18 Wis. 126 ; *Sanborn* v. *Chicago, etc., R. W. Co.,* 16 Wis. 20.

In *City of Indianapolis* v. *Kingsbury, supra,* it was said by this court : "But the intention to which courts give heed is not an intention hidden in the mind of the land-owner, but an intention manifested by his acts.    It is the intention which finds expression in conduct, and not that which is secreted in the heart of the owner, that the law regards.    Acts

indicate the intention, and upon the intention clearly expressed by open acts and visible conduct the public and individual citizens may act."

The question as to whether a person intends a dedication of ground to the public as a street must be determined from his acts and statements explanatory thereof, in connection with all the surrounding circumstances that may throw light upon the subject, and not upon what he may testify as to his real intention at some subsequent time. *City of Columbus* v. *Dahn*, 36 Ind. 330; *Lamar County* v. *Clements*, 49 Texas, 347; *City of Denver* v. *Clements*, 3 Col. 484.

An implied dedication may be rebutted by parol testimony, but where the dedication is express, evidenced by a recorded plat, the intent as expressed in such plat can not be contradicted by parol. *City of Indianapolis* v. *Kingsbury*, *supra*, and authorities there cited.

When the plat before us is construed in connection with the partition proceedings of which it constitutes a part, as the same is explained by the report of the commissioners in partition and the judgment of the court thereon, no other reasonable conclusion can be drawn than that the strip of land in controversy was intended as a sixty-foot street for the benefit of the blocks abutting thereon, and as furnishing a means of ingress and egress to and from the same. Relying on this dedication the property adjoining this strip has passed into the hands of third parties, and the city of Indianapolis, accepting such dedication, is proceeding to improve the strip as a street.

To permit the appellant to say now that this strip was left by the commissioners as undivided land, and was not intended as a street, would be obviously unjust to those who purchased the property on the faith of the plat and the partition proceeding.

We do not think the court erred in refusing to admit this offered testimony.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

ELLIOTT, J., took no part in the decision of this cause.

Filed April 1, 1890; petition for a rehearing overruled June 6, 1890.