Wolfe *et al. v.* The Town of Sullivan.

Judgment affirmed.

Filed January 6, 1893.

---

No. 16,052.

WOLFE ET AL. *v.* THE TOWN OF SULLIVAN.

DEDICATION.— *Street.—Town Plat.—Effect of.—Question of Law.*—Marking streets upon the plat of a town, or an addition thereto, and selling lots with reference thereto, constitutes a dedication of the ground so marked for the use of a public street, and whether a plat contains an express dedication of the streets so platted is a matter of law for the court.

HIGHWAY.—*Adverse User.—No Rights Acquired by.—Nuisance.*—A person can not acquire any right in a legally established highway by adverse user, for the user, as long as it continues, is a nuisance and punishable by fine.

ESTOPPEL.—*In Pais.—Facts Equally Known or Accessible to All Parties.*— Facts that are equally known or accessible to all parties concerned can not constitute an estoppel *in pais*.

From the Sullivan Circuit Court.

*W. C. Hultz*, for appellants.

*G. W. Buff* and *J. S. Bays*, for appellee.

COFFEY, C. J.—This was an action by the appellee, in the Sullivan Circuit Court, against the appellants to abate an alleged nuisance. The complaint, among other things, alleges that the town of Sullivan had been a regularly laid out and platted town for more than forty-five years prior to the date of the commencement of this suit; that of the streets designated on the original plat of the town was one called Broad street, running north and south, and extending from limit to limit of the town, and that it had been

used by the public ever since the town was laid out and platted as such; that such street was dedicated to the public use by the original plat of the town, which was duly recorded; that the appellant, Mary O. Wolfe, who is the wife of her co-appellant, John W. Wolfe, is the owner in fee of lot number five, in Broadie's addition to the town, which lot is situate at the southeast corner of Washington and Broad streets; that it is one hundred and forty-two feet in length, and runs parallel with Broad street; that in 1887 the appellants unlawfully erected a fence upon and into Broad street, the whole length of said lot, and then and there and thereby appropriated to their own private use a portion of Broad street, ten feet in width and one hundred and forty-two feet in length, and have thereby obstructed said street, and have excluded the public therefrom, which fence they have ever since maintained. Prayer for a judgment abating the nuisance.

The appellants answered, *second,* the twenty year statute of limitations; *third,* in substance, that the appellant, Mary O. Wolfe, became the owner of the lot described in the complaint in the year 1883; that at the time she became such owner, the fence along the west side thereof was the line of the present fence, and where it had been for the period of forty years; that no part of the land on the inside of the fence had ever been used by the public as a highway; that such fence was rebuilt by the appellants, in the year 1887, on the line where it had been maintained for the period of forty years; that it was rebuilt in good faith, the appellants believing that they were the owners in fee of the land on the inside thereof, and that the public had no interest therein; that it was rebuilt at an expense of forty dollars, and a brick sidewalk was afterward constructed along the west side of such fence, at an expense of fifty dollars, with the full knowledge of the appellee and its officers, and without any objection or notice therefrom; that shade trees have been set out along the west side of said lot, with

reference to the fence as it now stands, which are reasonably worth, to the appellants, one hundred dollars; that to remove the fence, as prayed by the appellee, would compel the appellants to tear up and remove their sidewalk and destroy their shade trees to their damage three hundred and fifty dollars; that Broad street extends south from Harris street, a distance of two hundred and fifty yards; that under the same circumstances and belief the property owners, to wit, some twenty persons, along the west side of the street, have built permanent improvements, consisting of fences, shops, stables, barns and out-buildings, encroaching upon said street, as claimed by the appellee; that to remove said buildings would damage the owners thereof two thousand dollars; that five persons along the east side of the street have made permanent improvements with reference to and near the line upon which appellant's fence now stands, among whom are two of the present members of the board of trustees of the town of Sullivan; that all the above-mentioned improvements were made with the full knowledge of the appellee and its officers without any objection whatever; that the portion of the street alleged to be obstructed by the appellants was never accepted by the public as a street, but, on the contrary, was wholly abandoned by the public; and said improvements were made in good faith, believing that the public had no rights in the land used and occupied by said improvements.

The court sustained a demurrer to these answers, and this ruling is assigned as error.

No argument is offered by the appellants in support of the second paragraph of the answer, but it is contended that the court erred in sustaining the demurrer to the third paragraph.

Marking a street upon the plat of a town or city, or an addition thereto, and selling lots with reference to such marked street, constitutes a dedication of the ground so marked to the use of the public as a street. As to whether

a plat contains an express dedication of a strip of ground to the public as a street is a matter of law for the court. *Faust* v. *City of Huntington*, 91 Ind. 493; *City of Evansville* v. *Page*, 23 Ind. 525; *City of Logansport* v. *Dunn*, 8 Ind. 378; *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200; *Hanson* v. *Eastman*, 21 Minn. 509; *Yates* v. *Judd*, 18 Wis. 126; *Sanborn* v. *Chicago, etc., R. R. Co.*, 16 Wis. 20; *Miller* v. *City of Indianapolis*, 123 Ind. 196.

So purchasers of lots have a right to have all the streets marked on the plat by which they purchase kept open as streets, and such right is not confined to the part of the street in front of the lots purchased by them. *City of Indianapolis* v. *Kingsbury, supra.*

In this case it is not denied that the original proprietor of the town of Sullivan has sold all the lots fronting on Broad street, nor that such street has been used by the public as a thoroughfare for nearly forty years. It is also admitted, by the third paragraph of the answer, that the strip of ground in controversy is a part of Broad street, as the same is marked on the plat of the town; but it is alleged, in avoidance, that such strip had never been accepted, and had been abandoned by the public as a highway. The whole answer, however, must be construed and considered together, and the averment that the strip in question had been abandoned by the public as a highway must be considered in connection with the preceding averment that it had been fenced up for the period of forty years prior to the commencement of this suit. This was within a few years after the town was laid out. The common law maxim is "once a highway always a highway." Highways belong to the public, and are under the control of the sovereign, either immediately or through local governmental instrumentalities. The right of the public to the use of the highways is not barred by the statute of limitations. No one can acquire a right to the adverse use of a legally established highway by user, no matter how long such use

Wolfe *et al. v.* The Town of Sullivan.

may continue, for each day's user is a nuisance punishable by fine.

There can be no such thing as a permanent, rightful, private possession of a public street. Elliott's Roads and Streets, 668; *Sims v. City of Frankfort,* 79 Ind. 446; *Cheek v. City of Aurora,* 92 Ind. 107.

Pleadings must proceed upon some single definite theory, and the theory of this answer is, as we understand it, that the town of Sullivan should not be permitted now to reclaim that portion of Broad street included within the inclosure of the appellants because the same was fenced in more than forty years before the commencement of this suit, under the belief that the fence was on the line, and because valuable improvements have been made, in good faith with reference to such line, which will be lost in the event the town succeeds in this action.

The answer falls far short of averring facts sufficient to constitute an estoppel. When the facts are equally known or accessible to both parties, there can be no estoppel *in pais.*

It is true the appellants may sustain loss by reason of losing the improvements made on that part of Broad street, in controversy, but such loss results from the neglect of the appellants and those through whom they claim to ascertain the line of the street prior to making such improvements.

It affirmatively appears that the public did accept this street, as dedicated by the plat of the town, and it is entitled to its use, in our opinion, to its full width.

The court did not err in sustaining the demurrer to the third paragraph of the answer.

Judgment affirmed.

Filed January 3, 1893.