## HALL ET AL. v. BREYFOGLE.

[No. 20,165.   Filed April 19, 1904.]

DEDICATION.—*Town Plat.—Streets and Alleys.*—The making of a plat of a town, or of an addition thereto, upon which streets, alleys, lots, and blocks are noted as such, and the recording of such plat, and sale of lots as designated thereon, operates as an irrevocable dedication to the public of all streets and alleys so marked on such plat so far as purchasers of lots are concerned.   *p. 499.*

SAME.—*Unauthorized Plat.—Adoption by Landowners.*—The acts of proprietors in recognizing an unauthorized and invalid plat, recorded in the proper record, and selling lots in reference thereto and as marked thereon, is an adoption of such plat so far as to constitute a dedication to the public of the streets and alleys indicated thereon, which is effectual as to lot purchasers.   *p. 500.*

SAME.—*Streets and Alleys.—Acceptance by Public.—Municipal Corporations.*— The acceptance by the public of a dedication of streets and alleys may be manifested by some formal act of the public authorities, or implied

from the improving or repairing of the same by the public authorities, or from any other act with respect to the subject matter that clearly indicates an assumption of jurisdiction or dominion over the same. *p. 500.*

DEDICATION.—*Acceptance.*—*Failure of Municipal Corporation to Open and Improve Street.*—The failure of a municipal corporation to open and improve a part of a new street does not operate as a rejection of the part not opened and improved.    *p. 500.*

SAME.—*Streets and Alleys.*—*Title by Adverse Possession.*—Title by prescription can not be acquired to land dedicated to the public for streets and alleys in the laying off or platting of a town or an addition thereto. *p. 500.*

SAME.—*Streets and Alleys.*—*Dedication is to the Public.*—*Laches of Officers of Municipality.*—A dedication of land for streets and alleys in laying out or platting a town, or additions thereto, is to the public, and not to the municipality; and the latter holds as trustee for the public, and can not surrender the grant, except as the statute provides, nor lose the same by the negligence or laches of its officers.    *p. 500.*

MUNICIPAL CORPORATIONS.—*Streets.*—*Obstruction.*—A material obstruction to a public street is *per se* a public nuisance.    *p. 500.*

DEDICATION.—*Right of Property Owners in Streets.*—*Easements.*—The purchaser of a lot in a platted district acquires a vested right in the easement of the streets, not only in the street in front of his purchase, but in all the streets in the platted district designated as such on the plat, and the right to have them all kept open.    *p. 501.*

SAME.—*Streets.*—*Acceptance by Municipality.*—The action of a municipality in extending its corporate limits to include an addition, which was platted in due form, the exercise of jurisdiction over the territory and its highways for ten years, constructing street crossings at its own expense, and repairing the streets, amounts to an acceptance of the streets in such addition.    *pp. 501, 502.*

SAME.—*Streets.*—*Title by Adverse Possession.*—Where a plat, though irregular and void as to the landowners, was, after being recorded, adopted by them, and all the lands platted sold by them to other parties according to the plat, a purchaser of lots has no title to the streets other than as an adjoining owner, and the fact that certain streets in the addition were enclosed and occupied by such purchaser and his grantor for thirty years does not strengthen his claim to the streets. *p. 502.*

SAME.—*Streets.*—*Acceptance by Municipality.*—*Use and Occupation as Convenience Requires.*—Where streets dedicated by a recorded plat are accepted by a municipality on behalf of the public, by assuming jurisdiction and acts of dominion over the same, it may proceed with the use and occupation as public convenience requires.    *p. 503.*

MUNICIPAL CORPORATIONS. — *Improvement of Streets.* — *Injunction.* — *Complaint.*—Averments in a complaint, in a suit to restrain a town from opening and improving certain streets, that defendant, if not re-

strained, will collect in side ditches a large amount of storm water, and cast the same in a flood upon plaintiff's premises, present no ground for equitable interference, since the order for the opening and improvement implies that it shall be done in a proper and skilful manner, and it will be presumed that officers will do their duty.  *pp. 503, 504.*

From Lake Circuit Court; *A. C. Capron,* Special Judge.

Suit by Louis C. Breyfogle against Thomas H. Hall and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Fancher & Pattee,* for appellants.
*O. J. Bruce* and *J. F. Meeker,* for appellee.

HADLEY, J.—Injunction to restrain appellant town from opening and improving certain alleged streets, and to prevent the flooding of appellee's land with storm water.

The facts shown exclusively by public records and uncontradicted are these: In 1855 one Smith, being the owner of certain lands adjacent to the town of Crown Point, platted the same into lots of ten acres each, which he designated and recorded in the recorder's office of Lake county as "Smith's addition of out-lots to the town of Crown Point." Said lots were numbered from one to sixteen inclusive. November 16, 1870, John M. Scott was the owner by mesne conveyances from Smith of all that part of said out-lot two lying east of the Centerville road, and the north half of said out-lot three, and Mary Boyd a like owner from Smith of the south half of said out-lot three. On said November 16, 1870, William M. Boyd, husband of Mary Boyd, acknowledged before the recorder of the county a plat of all of said out-lot three and all of two lying east of the Centerville road; said plat covering the property (but not so stated) then owned by John M. Scott and Mary Boyd, which plat was designated as "Summit addition to the town of Crown Point" and was

Hall *v.* Breyfogle.

marked into numbered and dimensioned lots, blocks, and streets as shown by the following diagram:

SUMMIT ADDITION TO CROWN POINT.

Said plat was placed of record in the recorder's office of the county. That noted on the plat as Griffin's reserve, and blocks one, two, five, and six, was the land owned by Scott, and that noted as blocks three and four was that owned by Mary Boyd. After the making and recording of said last-named plat, to wit, June 15, 1881, Mary Boyd and husband conveyed said blocks three and four to one Andrews by warranty deed, describing the same as follows: "The south half of lot three in Smith's addition of out-lots to the town of Crown Point, which is known as blocks three and four in Summit addition to the town of Crown Point." These two blocks are now owned by the Chicago & Erie Railroad Company, it deriving title by mesne conveyances from Andrews by same description. After the recording of the plat of Summit addition, to wit, August 27, 1886, John M. Scott conveyed by mortgage a part of his lands covered by said plat, describing the same as follows: "All of blocks one and two; all of block five, except lots five and six; and all of block six, except that part deeded to the Chicago & Atlantic Railroad Company for right of way.

All as marked and laid down on the recorded plat of Summit addition to the town of Crown Point." The mortgage was foreclosed, and the premises sold by the sheriff under same description, and on April 12, 1898, the appellee accepted the sheriff's deed conveying to him said premises under the identical description. Also, on September 20, 1894, appellee purchased and accepted by mesne conveyance from Scott another portion of said premises under the following description: "Griffin's reserve, as marked and laid down on the recorded plat of Summit addition to the town of Crown Point," and on January 11, 1898, by a like mesne conveyance from Scott, the remainder of the premises in controversy, under the following description: "Lots numbered five and six, in block five, in Summit addition to Crown Point in Lake county, Indiana." The platted territory was taken up in the tax duplicate, and taxed as lots and blocks in Summit addition. Summit addition, at some indefinite time, was embraced within the corporation limits of the town of Crown Point. Grant street, as noted, was but a northern extension of a street of that name running through the town, and on October 1, 1883, the trustees of the town by proper ordinance caused an improvement at the expense of the abutting property owners of the east sidewalk of Grant street from Foote to the north line of John street, which improvement extended the full length of Grant street in Summit addition; and the entire length of Grant street, and that part of John street, in Summit addition, lying west of Grant street, have been worked by the town for an indefinite period, not less than two years before the commencement of this suit. John street east of Grant street, and all of Jackson and Sheridan streets in Summit addition have been inclosed and used by appellee and his grantors for thirty years. On July 8, 1902, the trustees of the town passed an ordinance for the opening and improvement of the streets in Summit addition, for public use and convenience, to the

Hall *v.* Breyfogle.

full width as marked and laid down in the recorded plat thereof, and directing the marshal to cause all obstructions to be removed, and said streets opened and put in condition for public use as fixed and shown by said recorded plat. On October 7, 1902, the town marshal served written notice upon appellee that he would on October 9, by order of the trustees, open John street the full length through Summit and Railroad additions, and did about the time indicated enter and was engaged in the construction of a center grade and side ditches, when stopped by a restraining order issued upon appellee's complaint filed October 13, 1902. The storm water that may be collected in the side ditches of streets of said town and in those to be constructed in Summit addition can be successfully and conveniently dispatched by the construction of an adequate ditch eastwardly along the south side of John street to the intersection of a public drain in Indiana avenue.

These facts, shown by the pleadings and uncontradicted record evidence, present for decision the single question: Is appellee entitled thereunder to injunction against appellant town preventing it from opening and improving for public use the streets in Summit addition? Certain fundamental and well-settled principles must be given effect.

1. The making of a plat of a town, or of an addition thereto, upon which streets, alleys, lots, and blocks are noted as such, and the recording of such plat, and sale of lots as designated thereon, operates as an irrevocable dedication to the public of all streets and alleys so marked on such plat so far as purchasers of lots are concerned. §4412 Burns 1901; *Town of Woodruff Place* v. *Raschig,* 147 Ind. 517; *Rhodes* v. *Town of Brightwood,* 145 Ind. 21; *Town of Fowler* v. *Linquist,* 138 Ind. 566; *Wolfe* v. *Town of Sullivan,* 133 Ind. 331; *Miller* v. *City of Indianapolis,* 123 Ind. 196.

2. The acts of proprietors in recognizing an unauthorized and invalid plat, recorded upon the proper public record, and selling lots or blocks in reference thereto and as marked thereon, is an adoption of such plat so far as to constitute a dedication to the public of the streets and alleys indicated thereon, which is effectual as to lot purchasers. *Town of Woodruff Place* v. *Raschig, supra; Miller* v. *City of Indianapolis, supra; City of Indianapolis* v. *Kinsbury,* 101 Ind. 200, 51 Am. Rep. 749; *Thompson* v. *Maloney,* 199 Ill. 276, 65 N. E. 236, 239; *Russell* v. *City of Lincoln,* 200 Ill. 511, 65 N. E. 1088.

3. Acceptance by the public of a dedication may be manifested by some formal act of the public authorities, or implied from the latter's improving or repairing the same, or from any other act with respect to the subject-matter that clearly indicates an assumption of jurisdiction and dominion over the same. *Ross* v. *Thompson,* 78 Ind. 90, 96; *Summers* v. *State,* 51 Ind. 201; *Strunk* v. *Pritchett,* 27 Ind. App. 582, 586; Elliott, Roads & Sts. (2d ed.), §152. And the failure of a municipal corporation to open and improve part of a new street does not operate as a rejection of the part not opened or improved. *Sims* v. *City of Frankfort,* 79 Ind. 446; 9 Am. & Eng. Ency. Law (2d ed.), 50, 56, and authorities cited.

4. Title by prescription can not be acquired by adverse possession of land dedicated to the public for streets and alleys in the laying off or the platting of a town or an addition thereto. Such a dedication is to the public, and not to the municipality. The latter holds as trustee, and can not surrender the grant, except as the statute provides, nor lose the same by the negligence or laches of its officers. *Sims* v. *City of Frankfort, supra; Collett* v. *Board, etc.,* 119 Ind. 27, 32, 4 L. R. A. 321; *Wolfe* v. *Town of Sullivan, supra; Cheek* v. *City of Aurora,* 92 Ind. 107.

5. A material obstruction to a public street is *per se* a public nuisance, and as against the author may be abated

at any time. *City of Valparaiso* v. *Bozarth,* 153 Ind. 536, 47 L. R. A. 487, and cases cited.

6. The purchaser of a lot in a platted district acquires a vested right in the easement of the streets, not only in the street in front of his purchase, but in all the streets of the platted district, designated as such on the plat, and the right to have them all kept open. *Wolfe* v. *Town of Sullivan, supra; City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, and cases collected on page 212.

Giving force to these principles, a solution of the question is not difficult. The plat of Summit addition was in due form. It was marked into regular lots and blocks. The lots and blocks were numbered in the usual consecutive order, and dimensioned, and each block was bounded by a regular, narrow strip of ground, marked respectively, "John street," "Grant street," "Jackson street," and "Sheridan street." It was acknowledged before the recorder, and in terms announced that it was a plat of an addition to the town of Crown Point. As an evidence of approval of the addition and of acceptance of the dedication, the town extended its corporation limits to embrace Summit addition, thus assuming jurisdiction over the territory and all its highways; not only over those established, but over those granted and not opened. *Lake Shore, etc., R. Co.* v. *Town of Whiting,* 161 Ind. 76. And in 1883, more than ten years before appellee acquired any interest in the territory, the town, by ordinance and due process of law, caused the east sidewalk of Grant street to be improved for its full length in Summit addition (the street crossings at the expense of the town), and for an indefinite number of years the town authorities worked and kept in repair at public expense all of Grant street, and all that part of John street lying west of Grant. The evidence also shows that appellee complained to the officers of the imperfect manner in which such repairs were kept up. It also appears that three months before this suit was commenced

the town, by ordinance, directed its marshal to open and improve all of John street remaining unimproved, together with Jackson and Sheridan streets, and had about completed the grading of John street when this suit was commenced. Under the authorities referred to, these acts of jurisdiction and dominion sufficiently show an acceptance by the public.

There is still another reason equally as conclusive against appellee's right to recover. The plat, though irregular and void as to the landowners, was, after being recorded, adopted by them, and every part and parcel of the land platted was sold and conveyed by them to other parties according to the plat, and not according to any governmental subdivision. Every vestige of title appellee has in the district is derived through, and by the terms of, the plat. Every purchase, and every deed he has received, conveys to him particular lots or squares of land of fixed and certain dimensions, as marked and laid down on the recorded plat of Summit addition. He has no deed which purports to convey to him any right or title in the strips called streets, and unless they are streets dedicated as such by the proprietors, he has no title or interest in them, and hence no standing in court to resist their invasion. It is only upon the assumption that the strips are public streets, impliedly granted by the owners, as appurtenances to the lots, that appellee may claim to the center of them. To deny them being streets is to repudiate his title in them, and to claim title is to assert that they are public streets.

The fact that parts of all the streets but Grant have been inclosed and occupied by appellee and his grantors for thirty years does not strengthen the former's claim. As we have seen, the dedication or grant was to the public, and, appellee being a citizen and member of the public, it can not be said that his possession was inconsistent with the possession of the public, nor that the lapse of time, under the facts of this case, ripened into a title. As a

remote grantee of part of the lots in Summit addition, appellee is the owner in fee to the center of the streets in front of his lots, that portion within the street limits being subject to the superior right of the public to use it as a highway.   In this use appellee has a right in common with all the other owners of lots in the addition, and he can no more deprive them of their right in the street than they can deprive him of his.   *Coburn* v. *New Telephone Co.*, 156 Ind. 90.   It is shown that there are sixteen lots in said addition, comprising all of blocks three and four, and abutting on John, Jackson, and Sheridan streets, which are owned by another.

But we rest the decision on broader grounds.   The dedication having been accepted by the town of Crown Point on behalf of the public, by assuming jurisdiction, and acts of dominion over it, it may proceed with the occupation and use as public convenience requires.   "Where a new town [or addition] is laid out it is not expected that all the streets and parks will be needed by the public at once. Acceptance by use and improvement whenever the growth of the town demands it will be sufficient."   9 Am. & Eng. Ency. Law (2d ed.), 50, and authorities collated; *Cason* v. *City of Lebanon*, 153 Ind. 567.

The averments of the third paragraph of complaint that the town, if not restrained, will collect in side ditches a large amount of storm water, and cast the same in a flood upon appellee's premises, presents no ground for equitable interference.   It is shown in the same paragraph that appellants are proceeding under an ordinance.   The ordinance calls for the opening and improvement of the streets in Summit addition for public use.   How the storm water that may be collected in the side ditches shall be disposed of is not prescribed.   The order for opening and improvement implies that it shall be done in a proper and skilful manner.   It is presumed that officers will do their duty *(City of Valparaiso* v. *Hagen,* 153 Ind. 337, 344, 48 L.

R. A. 707, 74 Am. St. 305), and, if they do, and construct an adequate ditch along the south side of John street to intersect the public drain in Indiana avenue, the flood water collected will be successfully carried away without damage to appellee.

The case presents no ground for injunction. Sufficient facts are embraced in what purports to be a special finding to make it apparent that no benefit could result to appellee from a retrial. The judgment is therefore reversed, with instructions to restate the conclusion of law in accordance with this opinion, and to render thereon the proper judgment.

Gillett, C. J., did not participate in the decision of this case.