MURRAY *v.* CITY OF HUNTINGBURG ET AL.

[No. 23,266.   Filed April 11, 1918.   Rehearing denied June 27, 1918.]

1. ADVERSE POSSESSION.—*Possession.*—*Evidence.*—The fact that the owner of a city lot had enclosed within a fence a five-foot strip lying along one side of the lot for only ten years before an adjoining plat was laid out indicating a street covering such strip, and only thirteen years before the acceptance by the city of such plat, is not sufficient to show a prescriptive right to the strip in an action to quiet title thereto.   p. 505.

2. ADVERSE POSSESSION.— *Dedication.— Town Plats.— Prescriptive Rights.*—The making and recording of a statutory plat and its acceptance by the designated public authorities is a grant of title to an easement for a street, and the public cannot be deprived of its rights by prescription nor by the carelessness of its officers.   p. 506.

From the Dubois Circuit Court; *John L. Bretz,* Judge.

Action by Nancy E. Murray against the city of Huntingburg and another.   From a judgment for defendants, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Affirmed.*

*Leo H. Fisher,* for appellant.

*A. L. Gray,* for appellees.

TOWNSEND, J.—Appellant sought to quiet title to a strip of ground about five feet wide and 125 feet long running north and south along the east side of and adjacent to her lot. There was a general finding and judgment for appellees, city of Huntingburg and George Finke, contractor. Error presented by motion for a new trial: the decision is not supported by sufficient evidence and is contrary to law.

In 1872 proprietors platted an addition to the town, now the appellee city of Huntingburg. In 1875 appellant purchased lot No. 62 in this addition. This lot as platted is fifty-eight feet wide and 125 feet long. The east side of this lot is the east side of the addition, so far as the plat is concerned. The surveyed outline as described in words on the plat leaves an overplus of seven and one-half feet on the east side, but the pictured plat shows no such outline. It is very clear from the plat that the east line of appellant's lot is the east line of the plat, so far as any exclusively private right is concerned.

In 1885 proprietors platted another addition, being the ground immediately east of appellant's lot. They made the west line of this addition the east line of appellant's lot. Both plats were accepted in 1888 by the appellee city, then town. In the latter plat a street fifty feet wide was platted along the east side of appellant's lot. This street was never opened or used until the commencement of this proceeding.

From 1875 to the time of this action, appellant's fence included the five-foot strip of ground in controversy on the east side of lot No. 62. It is not contended

1. by appellant that her lot has in any way been reduced from the size indicated on the plat, namely, fifty-eight feet wide and 125 feet long, but that having included this strip of ground within her fence for all these years she has a prescriptive right. There is no

506     SUPREME COURT OF INDIANA,

Interstate Iron, etc., Co. *v.* City of East Chicago—187 Ind. 506.

merit in this contention for she had owned lot No. 62 and occupied the disputed strip only ten years when the proprietors made the second plat indicating the street fifty feet wide along the east side of her lot. She had occupied her lot and this disputed strip only thirteen years when the city accepted the plats.

The making and recording of a statutory plat and its acceptance by the designated public authorities is a grant of title to an easement for a street, and the

2. public cannot be deprived of its rights by prescription nor by the carelessness of its officers. *Hall* v. *Breyfogle* (1903), 162 Ind. 494, 70 N. E. 883; *Interstate Iron, etc., Co.* v. *City of East Chicago* (1918); *post* 506, 118 N. E. 958.

The finding of the court is sustained by sufficient evidence and is not contrary to law. Judgment is affirmed, with costs.

NOTE.—Reported in 119 N. E. 209. See under (1, 2) 2 C. J. 221, 276; 13 Cyc 458, 459.