Cheek *v.* City of Aurora *et al.*

No. 9045.

CHEEK *v.* CITY OF AURORA ET AL.

| 92 | 107 |
| 133 | 335 |
| 92 | 107 |
| 137 | 254 |
| 139 | 79 |
| 92 | 107 |
| 162 | 500 |

CITY.—*Streets.*—*Removal of Obstructions.*—Though a city have the power by its own act to remove obstructions from its streets, it may nevertheless by suit prevent them or obtain their removal.

SAME.—*Non-User of Street.*—Laches by a city or its officers can not deprive the public of its right to a street.

SAME.—*Private Occupation of Street.*—*Statute of Limitations.*—The statute of limitations operating alone can not deprive a city of the right to its streets as trustee for the public; nor is the occupancy by a private party of a portion of a street by temporary and inexpensive structures for whatever time, inconsistent with the right of the public.

SUPREME COURT.—*Instructions.*—*Verdict.*—*Evidence.*—No error in instructions to the jury will be available in the Supreme Court, when the verdict is unquestionably right upon the evidence.

From the Ohio Circuit Court.

*R. Gregg* and *J. A. Parks,* for appellant.

*W. S. Holman, C. S. Jelley* and *W. S. Holman, Jr.,* for appellees.

BLACK, C.—The city of Aurora, in Dearborn county, is situated on the west bank of the Ohio river, and Hogan creek flows through the city in an easterly direction to the river. The original town was on the south side of the creek. On the north side, fronting upon the river and the creek, is Lane's addition; adjoining this on the west is Chrisman's addition. George street is a street in the new or northern portion of the city. It runs nearly north and south, and extends to the north bank of Hogan creek. The first street north of the creek, and running east and west, and crossed by George street, is Morrison street. At the southwest corner of George and Morrison streets is lot thirteen, in Chrisman's addition, and it extends to said creek. At the southeast corner of George and Morrison streets is lot eight, in Lane's addition, and next east of this lot is lot seven, in the same addition. Between the creek and said lots seven and eight is a public landing. Main street is a street running north and south in the original town;

if continued across Hogan creek, its west line would meet the east line of George street.   In 1853, the appellant Strawder Cheek being then the owner in fee simple of said lot thirteen, said city caused to be constructed a bridge over Hogan creek, in continuation of Main street.   To connect this bridge with the streets on the north side of the creek, the city opened a new street, forty feet wide, extending across said public landing and across said lots seven and eight, its south-west line extending from said bridge to a point in the east line of George street, and its northeast line extending to Morrison street.

In 1878 the appellant brought his suit in the Dearborn Circuit Court against said city, its street commissioner and its marshal, the appellees, the complaint being in two paragraphs.   In each paragraph the appellant claimed that he was the owner in fee simple, in possession, and entitled to the use and occupation of a certain tract of land and certain buildings and fixtures thereon, said tract being bounded as follows: "Commencing at the northeast corner of lot number thirteen, on Morrison street, in the city of Aurora, and following the east line of said lot to the southeast corner of the same; thence in a southeasterly direction sixty feet, to the southwest corner of lot number eight; thence northwestwardly along the west side of the extension of George street to a point on Morrison street, where the said west line of said George street intersects the south line of Morrison street, thence in a straight line to the place of beginning;" that said city caused notice to be served on the appellant to remove all said buildings from said tract within ten days from the date of the notice, and the common council had instructed and directed said city marshal and said street commissioner, that if the appellant should not comply with said notice, they should tear down, destroy and remove all said buildings from said tract.   Prayer, that the defendants be perpetually enjoined from disturbing said buildings and the real estate upon which they were situated.

The city of Aurora answered by a general denial; and in a second paragraph, " for further answer herein, by way of

cross complaint and counter-claim," said city alleged, in substance, that the land described in the complaint, also particularly designated in this paragraph, was, and for more than thirty years had been, a public street in said city, laid off, recorded, opened and used as such; and that the appellant, by unlawfully maintaining thereon two small wooden buildings, with sheds and wooden structures connected therewith, all of a temporary character, had been for more than two years, and still was obstructing said street and excluding the public from the use thereof.    Prayer, that said obstructions be declared a public nuisance, that the same be abated, and that the appellant be enjoined, etc.

The appellant demurred to this second paragraph, for the reasons: *First.* That it does not state facts sufficient to constitute a defence to either paragraph of the complaint; and, *Second.* "Because said second paragraph does not state facts sufficient to constitute a counter-claim or cross complaint to plaintiff's cause of action."

The demurrer was overruled, and the appellant filed a denial of said second paragraph.

The venue having been changed to the Ohio Circuit Court, the cause was tried by jury.    A general verdict for the appellees was returned, with answers to interrogatories.    The jury, in the answers to interrogatories, found that in 1844 George W. Lane laid out an addition to the town of Aurora, and laid out and dedicated to public use George street, to the width of thirty feet and extending to Hogan creek, as part of said addition, and the plat of said addition was recorded in the recorder's office of Dearborn county in 1844; that George W. Chrisman laid out an addition to said town in 1845, and laid out and dedicated to public use a street thirty feet wide, on the west side of the street so laid out by Lane and adjoining the same and extending to Hogan creek, and designated the whole street to the width of sixty feet as George street; and the plat of said Chrisman's addition was recorded in said recorder's office in 1845; that said Lane and

Chrisman sold and conveyed to others lots so laid off in their respective additions; that said George street and the portion thereof on Hogan creek had been used by the public as a street; that lot thirteen in Chrisman's addition was bounded on the east by said George street, and lot eight in Lane's addition was bounded on the west by said George street, and there were a large number of other lots in each of said additions; that the appellant, on the 30th of October, 1857, conveyed said lot thirteen by deed to George W. Cheek, who conveyed it to Wheeler and Chrisman; that Huffman and Canfield then became the owners thereof and built a warehouse thereon, and they still remained in possession thereof; that prior to 1859, the appellant placed on said George street a wooden structure about thirteen or fifteen feet square, covered with boards, the larger portion thereof standing on that part of said street laid out by Lane and extending to and upon the part of the street laid out by Chrisman, and said structure was washed or broken down by high water; that the appellant, in 1862 or thereafter, erected another wooden structure on the site of said former structure, from thirteen to fifteen feet square, covered with boards, and said structure was still standing on said street; that the appellant kept his ropes and other boating tackle in said structure, and persons, from time to time, for short periods, lived in said structure; that there was not, at any time, any fence or other inclosure around either of said wooden structures; that the appellant did not, at any time prior to 1876, have any possession or control of said George street, except the space actually occupied by said wooden structures; that said city, in 1859, 1865 and 1868, and at other times, notified and ordered the appellant to remove all obstructions from said street which he had placed thereon; that in 1876 or thereafter, Ray and Hood erected a wooden butcher shop on the side of said street and adjoining the bridge fill, and in 1876, or thereafter, some person or persons erected on said street and on the side of Morrison street a wooden structure for a blacksmith shop,

and the appellant, before the commencement of this action,. purchased both of said structures; that all of said structures on said street were temporary wooden structures placed on the ground without foundations or on wooden posts; that at the time of the commencement of this action said wooden structures constituted obstructions to the improvement and use of said George street by the public; that the appellant maintained said wooden structures on said street at the commencement of this action; that said city laid out a street in said city from the north end of Main street across Hogan creek to George street, and called the street so laid out " the extension of George street," and erected a bridge from Main street to Morrison street and George street; that the city made a fill for an approach to the north end of said bridge, partly on Morrison street, partly on George street, and partly on lot number eight. in Lane's said addition; that not more than one-fifth or one-sixth part of George street, between Morrison street and Hogan creek, was used in making said fill; that the free and convenient use by the public of that part of George street between Morrison street and Hogan creek was impaired in 1869 or thereafter by a fill on Morrison street, and at the warehouse on lot thirteen in Chrisman's addition; that said George street between Morrison street and Hogan creek, and part thereof, and the landing thereof at Hogan creek, had been used by the public, from time to time, for passing and repassing and for the loading of boats, up to the year 1870 and the spring of 1871; that Hogan creek was, and for the last forty years had been, a public highway at the foot of George street, and above that place for two or three miles and below that point to the Ohio river; that George street terminated on the south at Hogan creek, and extended north from Morrison street as far as Moore street in said city; that said city, on the north side of said creek, fronted thereon over 1,000 feet; that there was no street or highway extending to Hogan creek on the north side thereof except George street; that the population and general business of said city

north of said creek had been largely increased during the last fifteen years; that if the appellant was in the exclusive possession of any part of said street prior to 1876, no part thereof was in his actual and exclusive possession except the portion thereof on which stood said building, called "White Hall," and that said city had used the part of George street between Morrison street and Hogan creek ever since the year 1868, for the purpose of drainage of surface water from points north of Morrison street to the creek.

No pleading appears to have been filed by any of the defendants but the city.

A motion for a new trial, made by the appellant, was overruled, and it was adjudged that said structures constituted a public nuisance, that said nuisance be abated, and that the appellant be perpetually enjoined from maintaining said buildings and obstructing said street or interfering with the free use thereof.

The appellant has assigned as errors the overruling of his demurrer and the overruling of his motion for a new trial.

The second paragraph of answer was pleaded for further answer by way of cross complaint and counter-claim. Its contents determined its character and made it an answer setting forth ground of counter-claim within the meaning of our statute. It was proper to treat the pleading as an answer of counter-claim.

Assuming that the demurrer raised the question of the sufficiency of said second paragraph as an answer of counter-claim, we will notice the appellant's objection to the pleading as such an answer.

It is contended that the city could not maintain its application for the relief sought and obtained, because it had another mode of relief, by its own action, such as the appellant sought by his complaint to enjoin.

If the buildings in question constituted a public nuisance, the city, through its common council, had power to abate such nuisance as often as it might be repeated; but it had not

power to enjoin the appellant. For this it must resort to a suit in a court of competent jurisdiction.

In its proposed attempt to remove the obstructions, it was met by the suit of the appellant claiming ownership and possession of the land, and seeking to enjoin the city and its officers from disturbing him.

"Where, by its charter or constituent act, a municipality has the usual control and supervision of the streets and public places, it may, in its corporate name, institute judicial proceedings to prevent or remove obstructions thereon." Dill. Mun. Corp. (3d ed.), section 659.

It appears by the record that from 1848 to 1857 said city was organized under a special charter, and that in 1857 it surrendered said charter and became a municipal corporation under the general law for the incorporation of cities. It would be presumed in examining the pleadings that the city was organized under said general law, and that it had the powers in relation to its streets conferred by that law.

The city might have resorted in the first instance to an independent action seeking the relief obtained in this suit; and the facts which, in such independent action, would have entitled the city to such relief, constituted proper ground of counter-claim in this action.

The causes stated in the motion for a new trial, which have been discussed by the appellant, relate to giving and refusing to give certain instructions.

While acting under said special charter, the city had no express power to vacate streets, and it could not order such vacation unless authorized to do so by the Legislature. There was no evidence of any attempt by legal proceedings to vacate George street or any portion thereof, either before or after the city became incorporated under the general law. It is not pretended that the street was formally vacated by any proceeding for that purpose, but it is claimed that the opening and use of the street from the bridge to the intersection

of Morrison and George streets, and the non-user of the other portion of George street south of Morrison street, constituted an abandonment of that portion. The mere abandonment of the street would not have entitled the appellant to appropriate any portion of the east half of the street. While the facts found do not indicate an intention on the part of the city to abandon any portion of George street, but rather show a contrary purpose, no laches on the part of a city or on that of its officers can defeat the right of the public to a street. Dill. Mun. Corp., section 675.

The appellant further bases his claim of right to occupy the real estate in question, and to exclude the public therefrom, on the ground that, the public use having ceased, he had held adverse possession for more than twenty years, and that the city was estopped from claiming the present existence of a public easement over said real estate.

The statute of limitations, applicable as between individuals, can not affect a city as to its rights in its streets as trustee for the public. It need not be denied that there may be instances in which, with non-user of a street by the public, there may grow up private rights therein which the city will be estopped to deny. Dill. Mun. Corp., section 667; *Brooks* v. *Riding*, 46 Ind. 15; *Pettis* v. *Johnson*, 56 Ind. 139; *Sims* v. *City of Frankfort*, 79 Ind. 446. But no such a state of facts existed here. There was no total cessation of the use of said portion of George street by the public. For many years it was not much needed, and was but occasionally used; but the use as a street for passage had not wholly ceased until within seven or eight years before the commencement of this suit, and it was still used for the drainage of surface water from other parts of the city. The possession of the appellant through the occupancy of a small space by said structure of temporary character, used for storing tackle, and sometimes occupied by persons, can not be regarded as inconsistent with the right of the public; none of the structures made or owned by the appellant were of a permanent nature or valuable.

There was nothing in the character of the obstructions, or the circumstances under which they were made or maintained, which should estop the city from demanding the removal thereof.

It is not necessary to set out here the instructions given or those refused. Under the facts specially found by the jury, as to the correctness of whose answers there is no dispute, the general verdict was right, and could not properly have been different. It, therefore, can not be set aside because of error, if there was any, in the instructions given or in the refusal to give those asked. *Whitworth* v. *Ballard*, 56 Ind. 279 ; *Toler* v. *Keiher*, 81 Ind. 383.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.

Filed Dec. 13, 1883.