## ANDERSON *v.* CITY OF HUNTINGTON.

[No. 5,821.   Filed May 14, 1907.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence.  p. 132.
2. HIGHWAYS.—*Width.*—*Use.*—The boundaries of a highway laid out without any established width are determined by the limits of the way actually used.  p. 133.
3. BOUNDARIES.—*Fences.*—*Ancient Tradition.*—Fence lines indicating boundaries will prevail over tradition as to where such boundaries were intended to be.  p. 133.
4. HIGHWAYS. — *Boundaries.* — *Encroachment.* — *Acquiescence.* — Where a fence has from time immemorial marked the boundary line of a highway, the public cannot, because of long acquiescence and presumptive abandonment, go beyond such fence and assert another as the true boundary line of the highway.  p. 133.
5. EVIDENCE.—*Understanding of Width of Highway.*—Evidence of the witness's understanding of the width of a highway laid out before his birth is incompetent, where fences had marked the boundaries of such highway from time immemorial, and where such highway was not established with any definite width.  p. 135.

From Huntington Circuit Court; *J. B. Kenner*, Special Judge.

Action by Margery R. Anderson against the city of Huntington. From a judgment for defendant, plaintiff appeals. *Reversed.*

*M. L. Spencer* and *W. A. Branyan,* for appellant.
*Fred H. Bowers* and *Milo Feightner,* for appellee.

HADLEY, J.—This was an action by appellant against appellee to recover damages for appropriation of appellant's real estate to be used as a public street of said city. The evidence discloses that appellant owns a tract of land in the city of Huntington, fronting on a road known as the Goshen road until the corporate limits of the city were extended to include appellant's property, when said Goshen road became and was known as Jefferson street. The Goshen road was surveyed under an act of the General Assembly of the State of Indiana of 1834 (Acts 1834, p. 308), which authorized the surveying and laying out of a road from Ft. Recovery, in Ohio, down the Wabash river, to Huntington, and from Huntington to Goshen the road was surveyed and laid out in 1837. The width of said road was never defined nor established by any proper authority, and no record of said width was ever made, although the line of the road was recorded. The evidence discloses a sort of legend that the road was sixty feet wide, but the evidence shows that at no place outside of the town of Huntington was said road sixty feet wide, in some places being as narrow as thirty-eight and one-half feet, and ranging from that to fifty-seven and one-half feet. Appellant moved on the lot in question in 1863, and continuously resided thereon until the filing of this action. There was a fence along the front of said lot, which fence was thirty feet east of the west line of appellant's tract, as shown by her deed. This fence was parallel with the said tract line and the Goshen road, forming the eastern boundary of said road, and was in line with the other fences above and below it, when appellant moved there. It was maintained continuously in the same place until it was torn

down in 1895 or 1896. When the fence was removed, some of the posts were left standing, and appellant continued to use the whole of said lot within the line of said fence as a lawn, having trees and shrubbery thereon.

The appellee passed a proper order for the improvement of Jefferson street along appellant's said lot. The city engineer surveyed said street and established it at the regular width of sixty feet, and, in doing so, ran the east line of said street from sevèn to ten feet east of the line of said fence, and, under the direction of the city, a sidewalk was put down along said line so established, the sidewalk being wholly within the line of said old fence. In constructing the sidewalk, a large tree, which had been planted by appellant's husband in 1867, and which stood inside of said fence line and in the line of said sidewalk, was removed. This tree was large and furnished shade and protection to the home of appellant. Appellee did not condemn any of said property so taken, nor did it offer to pay any damages nor make any compensation for said invasion. There was no evidence introduced by anyone that any portion of the land within said fence of appellant had ever been used by the public; but all the evidence was to the effect that the public had been excluded from all of that portion of the land so taken that lay within said fence line of appellant, which fence had been maintained at that particular place as far back as anyone could remember, until removed as heretofore stated. The court made a special finding of facts and stated conclusions of law thereon against appellant. Appellant moved for a new trial, which motion was overruled and judgment was rendered against appellant according to the conclusions of law.

The rulings of the court in its conclusions of law and in overruling appellant's motion for a new trial are assigned as error. The motion for a new trial brings into

1. question the sufficiency of the evidence to sustain the finding. This court will not weigh the evidence in a

case of this character. It is only when there is an entire lack of evidence that this court, will reverse a cause of this kind for insufficiency of evidence.

That the Huntington and Goshen road is a public highway, and was a public highway in front of appellant's property prior to the action of the city of Huntington in establishing Jefferson street thereon, cannot be controverted. But its width and boundaries never having been established and determined by any competent authority, or recorded in any proper record, these boundaries must be determined by the use by the public. The way cannot be greater than the use. Where the boundary lines of a road never have been established by any competent authority, but the right of the public to travel over such road has been established by continuous usage, the width of such road is determined by the width of such use. *McCreery* v. *Fallis* (1904), 162 Ind. 255; *Hart* v. *Trustees, etc.* (1860), 15 Ind. 226; *Board, etc.,* v. *Huff* (1883), 91 Ind. 333; *Epler* v. *Niman* (1854), 5 Ind. 459; Elliott, Roads and Sts. (2d ed.), §§376-386.

And immemorial fence lines of adjoining property owners will overcome any legendary opinions as to where the lines were primarily intended to be. The evidence shows that a short distance from the township line in said county this road is only thirty-eight and one-half feet wide. If the fence lines at this point have been maintained as they now are so long that "the mind of man runneth not to the contrary," we take it no one would contend that the county commissioners could declare that said road was sixty feet wide at such place, and appropriate sufficient land from the adjoining property owners to make such road sixty feet wide, without any legal proceedings or process. This illustration illuminates the situation in front of appellant's lot. As far back as anyone could remember, the east line of said road, as used by the public, had been defined by the fence along the west side of appel-

lant's lot. No one constituting the public had ever contested the right of appellant or appellant's grantors so to maintain said fence. The fence was in line with other fences on either side of said lot. If the east line of said road had been originally established where it is now sought to place it, but for all the years since 1837 it had been within the line of appellant's fence, as it was in this case, the public would have been precluded from now claiming the strip within said fence, for the reason that it would be presumed that by its long acquiescence it had abandoned so much of said highway. *Board, etc.*, v. *Huff, supra; Hamilton* v. *State* (1886), 106 Ind. 361. In the case last cited the court say: "In such a case as we have assumed, a presumption of abandonment will be indulged, and when to disturb long-established lines would involve criminal consequences or work serious injury to valuable improvements made in good faith, such presumption will be conclusive." In the case before us, there was not a particle of evidence to show that the strip of ground appropriated by appellee that lay inside of the fence line of appellant was ever used by the public. On the contrary, the uncontradicted evidence clearly shows that the public never had used, but always had been excluded from, all that portion of appellant's lot that lay east of the fence forming the eastern boundary of the Goshen road. It is true that, as a rule, occupancy of a street or road that has once been established by dedication, prescription, or proper legal proceedings will not invest the occupant with title, or divest the public of its rights in the way, although, as is shown in the case of *Hamilton* v. *State, supra,* under certain special circumstances, the public may be estopped from asserting these rights. But in the case before us there is no question of the occupancy of an established way.

The Goshen road, as established by the use of the public—and this is the only way it has ever been established—was wholly without the fence line of appellant. What lay east

of that line belonged to appellant, and the public never had and never acquired any interest in it until appellee summarily wrested it from her, laid its sidewalk, and invited the public to enter. By item two of the special findings, the court finds that appellant's said fence was located at the time, and at the distance from the west line of appellant's tract, and was maintained, as above stated, and adds: "But said fence was within the sixty feet known as the Goshen road." Item five finds that said road was laid out in 1837; that the recorded survey does not give its width, "but, as a matter of fact, it was actually laid out, where the same passes through Huntington county, to the width of sixty feet, and that the public accepted and used said highway as thus laid out." There is no evidence to support these findings. There is no evidence that the eastern·boundary was ever any other than appellant's fence line.

Witnesses were permitted to testify to their understanding or supposition as to how wide the Goshen road was, all over the objections of appellant. This evidence was

5. incompetent, under the circumstances of this case.

The question was not how wide the Goshen road was intended or supposed to be, but had the public ever acquired by dedication, prescription, or legal proceedings a right to use the strip of appellant's ground in question as a public way. Under certain conditions, ancient lines or locations may be established by reputation; but evidence that this road was supposed to be sixty feet wide, when the fences forming its boundary as far back as anyone can remember show it was much less than that, can hardly·be said to have any pertinency to the issue in this case.

Judgment reversed, with instructions to the·court below to grant a new trial.