## Town of New Castle et al. v. Hunt et al.

[No. 6,935. Filed December 9, 1910. Rehearing denied March 10, 1911.]

1. MUNICIPAL CORPORATIONS. — *Streets.* — *Location.* — *Estoppel.*— Where frontagers on a street, or alley, not actually located by monuments, have for a long time marked the supposed boundaries thereof by permanent improvements, the public will be estopped to assert such boundaries to be untrue, to the damage of such frontagers. pp. 251, 252.

2. MUNICIPAL CORPORATIONS.—*Alleys.*—*Boundaries.*—*Injunction.*— *Complaint.*—A complaint to enjoin improvement contractors and a town from interfering with the improvements on an alley, alleging that the monuments of the alley's boundaries are lost, and that the boundaries thereof have been marked for years by permanent improvements, and that defendants are threatening to damage plaintiff's property, is sufficient. p. 252.

From Henry Circuit Court; *Ed Jackson*, Judge.

Suit by Clay C. Hunt and others against the Town of New Castle and others. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*Beach & Mikels* and *Barnard & Jeffrey*, for appellants. *Forkner & Forkner*, for appellees.

HADLEY, P. J.—This is an action brought by appellees against appellants to establish the boundary lines of a certain alley in the town of New Castle, and to enjoin appellants from tearing up or in any way interfering with said alley as established.

The complaint is in one paragraph, and avers, in substance, that appellees own lots five, six, seven and eight in block seventeen of said town; that said town was platted about the year 1823; that at the time said town was platted and said lots laid off there was platted an alley running east and west along the south end of said lots abutting thereon, which was and is the extreme southern limit of the plat of said town; that shortly thereafter there was laid off and platted an addition to said town abutting on the south

side of said alley; that appellants Bunch and Adams are the owners of lot one in block three in said addition, which lot abuts on said alley on the south; that immediately upon the laying off of said town and of said addition, said lot was located, and the grantors and predecessors of appellees and appellants took possession of their several properties up to the line of said alley as actually located, and appellees and their grantors and predecessors in title built and have maintained for more than three-quarters of a century fences, houses and permanent buildings and structures on and up to the northern line of said alley as actually located, as heretofore stated, continuously under a claim of title and of right, and appellants Bunch and Adams and their grantors for a like period have erected fences, buildings and permanent structures on the south side of said alley as actually located, claiming right and title up to such alley; that said occupancy and said claim have been continuous and uninterrupted for and during the period aforesaid; that said town has during said period recognized said lines as the true lines of said alley, and has improved both Main and Elm streets upon the west and east sides of said block, with reference thereto, at least twice; that about the year 1854, in the construction of the "Pan Handle" railroad, the corner stone and witnesses marking the original and permanent corners of said town were destroyed, and ever after have been lost, by reason of which no actual survey can be made of said town so as to fix definitely the lines thereof as indicated by the original field notes and plat; that the only and best evidence of the actual location of said alley is its actual location and occupancy from the time said town was laid out until the present time.

The complaint then avers that the true lines of said alley are as they now exist, and as they have existed during the period aforesaid, and that said town, in improving Elm street, is about to and is threatening to extend the south line of said alley four feet north into said alley and the north

line that distance north of the true line, and to extend the north line four feet into and upon the premises and private property of appellees. Prayer that the boundaries of said alley be fixed by order of court upon the lines as they now exist and are shown by the improvements along said alley, and that the town and construction company be enjoined from in any way interfering with the alley as it now exists.

To this complaint appellants demurred separately. The demurrers were overruled. Appellants Bunch and Adams then filed separate answers in two paragraphs: the first being a general denial, and the second setting up in detail the various plats and acts of the town.

Bunch and Adams also filed a cross-complaint in two paragraphs, averring substantially the same facts as are set up in the answer. No issue was joined on the cross-complaints. Upon trial the court found for appellees, and fixed the lines for the alley to be as now located and marked by the hedge fence, buildings and improvements along said line, and the monument fixed on the northwest corner of said alley and South Main street by Omar Minnesinger, city engineer, and that appellants be enjoined from encroaching upon said alley as thus fixed.

It is insisted by appellants that the complaint is bad, in that it seeks to obtain title to a public alley by adverse possession. It is true that the doctrine of adverse possession does not apply, as a rule, to the occupancy of streets and alleys. However, there is a principle recognized by the authorities, that where landowners abutting on a highway or street, which is not actually located by monuments, have for a long period of years marked the boundaries of such highway by permanent improvements, the public will afterwards be estopped to assert a claim to such highway to the injury of such abutting landowners. *Hamilton* v. *State* (1886), 106 Ind. 361; *Anderson* v. *City of Huntington* (1907), 40 Ind. App. 130; *Brooks* v. *Riding* (1874), 46 Ind. 15.

The complaint seeks to fix and definitely determine the boundary lines of said alley, and shows that they cannot be fixed and determined any other way. As such it 2. is sufficient, and as Bunch and Adams are abutting landowners on such alley, they were properly made parties, as the determination of said lines would necessarily affect their rights.

It is also shown by the evidence that the first plat of the town was never recorded, and that afterwards another plat was made; that the monument marking the initial 1. point for said plat had been destroyed, and that no actual, accurate survey of said town could now be made; that from the beginning of the occupancy of the premises the lines of this alley were marked out by permanent improvements as they now exist and are maintained, and these lines are uniform throughout the block; that on two different occasions the city engineer of said town, in making public improvements, marked the boundary lines of said alley as they now exist; that at one time Omar Minnesinger, city engineer, set an iron pin at the northwest corner of said alley, as a monument, marking the north line of the alley as shown by appellees' improvements. It appears that the survey made in 1907—over three-quarters of a century since said occupancy began—out of which this controversy arose, is the first intimation to the property owners along said alley that their buildings and improvements encroached upon said alley. It is shown that a hedge fence belonging to one of appellees, of several years' growth, is along the alley and marks his property line; that barns, coal houses and other out-houses are built all along the north side of said alley, and that a four thousand dollar residence is constructed on the south side of said alley, in conformity to the lines as generally accepted and understood.

To declare now that said improvements should be destroyed and said lines changed would be an act of injustice to the abutting property owners disproportionate to the ad-

vantages of the public. The conditions here designated bring this case clearly within the rules of special circumstances laid down in the cases of *Anderson* v. *City of Huntington, supra, Brooks* v. *Riding, supra,* and *Hamilton* v. *State, supra.*

The judgment of the court below is not contrary to the law and is supported by the evidence. Judgment affirmed.