EWBANK ET AL., TRUSTEES, *v.* YELLOW CAB COMPANY ET AL.

[No. 12,181.    Filed November 20, 1925.    Rehearing denied January 28, 1926.]

1. TRIAL.—*Failure to make any finding as to part of defendants charged with trespass equivalent to finding that they were not guilty.*—In a suit to enjoin numerous defendants from committing various acts of trespass, a special finding that certain defendants committed the trespasses charged but not mentioning the other defendants was equivalent to a finding that the latter were not guilty of the acts complained of. p. 151.

2. APPEAL.—*Defendants in whose favor a separate judgment was rendered, were not necessary parties to an appeal by plaintiffs from judgment for the other defendants.*—Defendants in whose favor a judgment for costs was rendered were not necessary parties to an appeal by plaintiffs in which the only matters presented for review were the correctness of certain conclusions of law, and the reversal prayed for would not affect said defendants, although the plaintiffs excepted to the conclusions of law in favor of said defendants. p. 151.

3. EASEMENTS.—*Way of ingress to and egress from real property, how granted.*—Way of ingress to and egress from real property is appurtenant thereto, and passes by grant of the property without special mention thereof.    p. 152.

4. APPEAL.—*Jurisdiction of an appeal involving the validity of an ordinance is in the Supreme Court.*—Where the validity of an ordinance is involved, the Appellate Court has no jurisdiction and if the appeal has been taken to the Appellate Court, it must be transferred to the Supreme Court.    p. 152.

5. MUNICIPAL CORPORATIONS.—The permanent obstruction of a public street is an unlawful act and cannot be authorized by the municipal authorities.    p. 153.

6. CONSTITUTIONAL LAW.—The right of adjacent proprietors in and to a highway is one of which the Legislature itself cannot deprive them without compensation.    p. 153.

7. MUNICIPAL CORPORATIONS.—*Municipal authorities cannot authorize the use of a street for private purposes.*—Municipal authorities, notwithstanding their broad and comprehensive powers, cannot authorize the use of a street for private purposes.    p. 153.

8. MUNICIPAL CORPORATIONS.—*Ordinance must not be given such construction as will render it invalid when other construction possible.*—It is a primary rule of construction that an ordinance will not be given such a construction as to render it invalid when it is open to another reasonable construction under which its validity would not be questioned.    p. 153.

9. MUNICIPAL CORPORATIONS.—*Ordinance construed not to confer upon taxi-cab companies the right to maintain stands or stations in streets as against the owner of adjacent property.*— A municipal ordinance dealing with taxi-cabs which provided that in the congested district of the city, taxi-cabs could be parked at certain designated places, did not confer upon owners of taxi-cabs a right to establish and maintain taxi-cab stands or stations at the places designated as against the owners of adjacent property that would be affected thereby. p. 154.

10. MUNICIPAL CORPORATIONS.—*Refusal to enjoin taxi-cab companies from maintaining taxi-cab stand in street in front of plaintiff's property held error.*—Where the court trying a suit for injunction and damages against taxi-cab companies that were charged with standing their cabs in the street in front of plaintiff's property found that the charges were sustained and that the defendants' acts constituted a private nuisance which materially interfered with the use of plaintiffs' property, resulting in material damage to the plaintiffs, refusal to

enjoin the defendants from maintaining the taxi-cab stand was reversible error, notwithstanding an ordinance authorized the maintenance of such stand at the place referred to.    p. 154.

From Marion Superior Court (A 23,132) ; *Clinton H. Givan,* Judge.

Suit for injunction by Louis B. Ewbank and others as trustees under the will of Volney T. Malott against the Yellow Cab Company and others.    From an unsatisfactory decree in favor of the plaintiffs, they appeal. *Reversed.*    By the court in banc.

*Richard L. Ewbank* and *Elmer E. Stevenson,* for appellants.

*James E. Deery* and *Schuyler A. Haas,* for appellees.

ENLOE, J.—This was an action for an injunction and for damages sustained as to certain described real estate.    Upon the trial the court made a special finding of the facts and stated conclusions of law thereon, favorable to the appellees.    Damages were awarded to the appellants in the sum of one dollar, and the injunction asked for was denied.    From this decree, this appeal is prosecuted upon an assignment of error which challenges the conclusions of law stated by the trial court.

The facts as found by the trial court are, in substance, as follows:    That the appellants, as trustees under the will of Volney T. Malott, are the owners in fee simple of the south half of lot ten (10) in Morris' subdivision of square eighty-seven (87), in the original plat of Indianapolis, being the south thirty-three (33) feet of said lot; that located on said ground is a three-story brick building, known as the Fair Building; that in the first story of said building are six (6) store rooms, all fronting to the south; that on the second floor of said building are office rooms, and on the third floor are

Ewbank, Trustee, v. Yellow Cab Co.—84 Ind. App. 144.

office and living rooms; that the only way of entrance to the rooms on the second and third floors of said building is by way of the entrance located in the center of said building, east and west, and opening upon the sidewalk, which is twelve feet in width, and which immediately adjoins said building upon the south; that said building is occupied by tenants to the number of from twenty-five to thirty; and that located in said rooms on the first floor of said building are stores, a restaurant and a barber shop.

It was also found that in the subdivision of said square eighty-seven, an alley, twelve feet in width, was located immediately south of the premises now owned by appellants, and extended from Illinois street eastward to what is now McCrea street; that in June, 1885, the Indianapolis Union Railway Company, which was then owner of the ground, dedicated to the public, for street purposes, a strip of ground thirty-eight (38) feet in width, extending from Illinois street eastward to what is now McCrea street, and that said strip so dedicated and said original alley, twelve feet in width, are now and since said dedication have been known as "Jackson Place street," the same being, in front of said building, of the width of fifty (50) feet; "that immediately south of said part of Jackson Place street which lies south of appellants' said building is located the grounds and buildings of the Indianapolis Union Railway Company; that the ground immediately south of said Jackson Place street is occupied by sidewalks, at the east and west sides, and that for a distance of over 100 feet east and west through the center is an open paved driveway of a width of more than fifty feet north and south, which is used as a driveway approach to the main entrance of the Indianapolis Union Steam Railway Station, and which open paved driveway is called 'Jackson Place.' "

Ewbank, Trustee, *v.* Yellow Cab Co.—84 Ind. App. 144.

It was further found that in May, 1923, the Common Council of the city of Indianapolis enacted an ordinance in reference to the parking of taxi-cabs and therein provided that, in the congested district of the city, taxi-cabs could park, or establish stands, at certain designated places, and one of the places designated in said ordinance where they might so park, or establish a stand was, "on the north side of Jackson Place, between Illinois street and McCrea street," with a provision that they should not park within fifty feet of either of said streets.

It was further found that the appellees, Yellow Cab Company, Black and White Cab Company, Frank Bird Transfer Company, Checkered Taxi-Cab Company, and James Hooper, James Schloff and William H. McLaughlin, doing business under the name of "Diamond Cab Company" were, and for some time prior to the bringing of this suit had been, using about ninety feet, east and west, of the space on the north side of the roadway of Jackson Place street and immediately along the south line of the curb and sidewalk along the south side of appellants' building, and extending from a point fifty feet east of Illinois street to a point about fifty feet west of the west curb of McCrea street, as a taxi-cab stand, for the purpose of parking taxi-cabs thereon while awaiting patronage, and for soliciting patronage, and have solicited patronage from persons upon the street and sidewalk, and also have used said space for the purpose of awaiting telephone calls, and that there are and have been in said space, continually, day and night, from one to twelve or fourteen taxi-cabs so standing, awaiting and soliciting patronage for hire; that the average of taxi-cabs so standing at said place, day and night, is six or seven; and that the presence of said taxi-cabs and said taxi-cab stand has decreased the rental value of appellants' building.

The court further found that while said taxi-cabs were standing at said place awaiting business, the drivers of said cabs, in the course of their employment by said appellees, frequently left the engines of their taxi-cabs running, while said cabs were so standing, and thereby caused fumes, smoke and gas from such engines to be thrown from the rear of said cabs over the sidewalk and into the doors and windows of said building of the plaintiffs, thereby causing the tenants and other occupants of said building great annoyance and discomfort, and great damage to the plaintiffs.

The court further found, "that the existence of said taxi-cab upon said space and the said use thereof have been a public nuisance and have materially interfered with the ingress and egress to and from said building of the plaintiffs; and that said plaintiffs suffer damages in a different and greater degree than the general public by the maintenance of said nuisance."

Other facts, not necessary to be considered in deciding this case, were also found but are not herein set out. The plat on page 149 shows location of property involved, etc.

There was a conclusion of law, the second, that, as against the several appellees above named, the appellants were entitled to an injunction restraining them from    (a) Permitting the engines of said cabs from running while said cabs were parked in front of appellants' premises described in the complaint; (b) from permitting their employees to enter upon any part of appellants' premises described in the complaint, or from entering the hallway or approach to the hallway of their said building; (c) with interfering with the ingress or egress from said building; (d) from permitting their employees to drink intoxicating liquor on the premises of appellants; (e) from permitting their employees to use vile, vulgar, obscene, or profane language in and about said taxi-cab stand, and from making rude and insulting remarks to persons going into or coming from appellants' said building.

The court also stated, as its fourth conclusion of law, "that the plaintiffs, on the facts found, are not entitled to a judgment enjoining the defendants or any of them from operating or maintaining a taxi-cab stand upon said Jackson Place street abutting the curb of the sidewalk along plaintiffs' said described property, nor from standing their cabs at such place while there awaiting and soliciting passengers for hire to transport

and carry such passengers upon the highways in their taxi-cabs." Exceptions to these conclusions of law are the only matter presented on this appeal.

The appellees first insist that this appeal should be dismissed because of the failure of the appellants to make certain designated parties, persons who were named in the complaint as defendants below, appellees herein by naming them in the assignment of errors on this appeal. The record discloses that among the persons named as defendants, and who were defendants on the trial below, were the following, viz.: Ollie Bean, operating under the name of "The Brown Top Cab Company"; Mike Moroney and Kyle J. Moroney, doing business under the name of "The Blue Cab Line"; Blue Cab Company, a corporation; Don H. Herr, doing business under the name of "Don Herr Cab Company"; and Edward Holtkemeyer, doing business under the name of "Radio Taxi-cab Company." There was no finding that either of the above named defendants ever had any cabs at the place in question or were at any time using the same as a taxi-cab stand. As they were defendants, a failure to find that they were doing, or had done the act complained of as being wrongful was, in law, under the well-settled rule, the equivalent of a finding in favor of each of said defendants, that they were not guilty of doing the acts complained of as being wrongful. Each of said named defendants was, therefore, entitled to a judgment in his favor for costs. Such a judgment was rendered in this case, and of this judgment, the appellants herein are not now complaining. While an exception was duly taken to each conclusion of law stated by the trial court, the only matters presented on this appeal relate to said second and fourth conclusions heretofore set out, and the appellants ask that this cause be reversed with directions to the trial court to restate its said second and

fourth conclusions. The judgment on the first conclusion of law in favor of said defendants, is entirely separate and distinct from that which affects the appellees herein, and the reversal of this judgment, as to the appellees herein named, with directions to the trial court to restate its said conclusions of law involved in this appeal and to render its judgment accordingly, will in no way affect said defendants. They are not, therefore, necessary parties to this appeal. *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172, 109 N. E. 766; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829.

The question arising upon this record which we have to decide is: Upon the facts found, were the appellants entitled to a permanent injunction against the appellees restraining them and each of them from appropriating to themselves that portion of Jackson Place street which is in question and using the same as a stand for their taxi-cabs? If the appellees have no right to so appropriate said portion of said street, the court erred in not granting to appellants the relief demanded, erred in its said second and fourth conclusions of law.

The appellees herein base their claim of having a right to establish and maintain the taxi-cab stand in question upon the said ordinance of the city of Indianapolis hereinbefore referred to, and this claim, so made, necessarily involves a consideration of that ordinance and of its application to the facts of this case.

Way of ingress and of egress to real property is appurtenant thereto; it passes by grant of the property without special mention thereof; it is, in fact, *a* 3, 4. *part of the property.* The trial court found that the use by the appellees of said portion of said street as a taxi-stand had "materially interfered with the ingress and egress to and from said building." If this right of ingress and egress is a property right, is

property, then it necessarily follows that the appellees herein have, at least to the extent that they have interfered with appellants' said right, taken the property of appellants. If they have so taken this property under and by virtue of a claim of right under said ordinance, then the validity of said ordinance is at once drawn into question and it would be our duty to at once transfer this case to the Supreme Court, for want of jurisdiction in this court to pass upon the validity of said ordinance. On the other hand, if said ordinance does not attempt to grant to the appellees any such right as that which the appellees claim, the jurisdiction is in this court to pass upon the questions involved.

It was said by Elliott, J., in *State* v. *Berdetta* (1880), 73 Ind. 185, 38 Am. Rep. 117, "the permanent obstruction of a public street is in itself an unlawful act, essentially interfering with the free use of property, as well as the comfortable enjoyment of life. The right of adjacent proprietors in and to the highway is one of which the Legislature itself can not deprive them without compensation; nor can the municipal authorities, broad and comprehensive as their powers are, devote the street to private purposes." See, also, *Town of Rensselaer* v. *Leopold* (1886), 106 Ind. 29; *Indiana, etc., R. Co.* v. *Eberle* (1887), 110 Ind. 542, 59 Am. Rep. 225; *Dantzer* v. *Indianapolis, etc., R. Co.* (1894), 141 Ind. 604, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. 343; *Ross* v. *Thompson* (1881), 78 Ind. 90; *Pettis* v. *Johnson* (1877), 56 Ind. 139; *City of Richmond* v. *Smith* (1897), 148 Ind. 294, 47 N. E. 630. Also, it is a primary rule of construction that a statute or ordinance will not be given such a construction as to render it invalid, when it is open to another reasonable construction under which its validity would be without question.

The ordinance in question was dealing with taxi-cabs and with their use of the streets; this, and this only, so far as the instant case is concerned, was the scope of said ordinance.   It simply said, in effect, to the persons operating these cabs, *so far as the city is concerned,* in the congested district of the city, *you may establish taxi-stands at the following designated places, and the police will not molest you,* designating certain places, one of which was in front of the property of appellants, where they might establish such stands.   No mention whatever is made in reference to the consent of the property owner where such stands were to be located; that was left entirely as a matter of adjustment, so far as the city was concerned, between the owners of the taxi-cabs and the owner of the property to be affected by the establishing of such stand. And we, therefore, hold that, as against the owner of the property to be affected by the establishing and maintaining of these taxi-cab stands, the said ordinance conferred upon the appellees herein no right whatever.

The trial court having found that the taxi-cab stand in question was a public nuisance, that it materially interfered with the use of the property in question by its owners and its tenants, and that the appellants were the owners of said property and, as such, were suffering a damage peculiar to themselves, it follows that the trial court erred in its said second and fourth conclusions of law.

The judgment is, therefore, reversed, with directions to the trial court to restate its conclusions of law in harmony with this opinion and to enter its decree permanently enjoining the appellees from maintaining a stand for taxi-cabs at the place in question.