### McRoberts *v.* Vogel.

[No. 14,870.   Filed April 23, 1935.]

*Ernest R. Stewart* and *Johnson & Zechiel,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for appellee.

KIME, J.—This was an action brought by the appellant, who claimed to be the owner of the east half of the southwest quarter of section thirty-two (32), township twenty (20) north, range two (2) east, and alleged that said real estate was located in Boone county, Indiana, and that it lay on either side of the public highway known as the Michigan Road. The action was brought against the appellee, a road building contractor, who had contracted with the state highway commission to grade and pave a portion of said highway. The complaint was in one paragraph and sought to enjoin said appellee from removing fences and otherwise trespassing on that portion of land fenced by appellant and her grantors, being all that portion except twenty feet on each side of the center line of said Michigan Road. A plea in abatement was filed, to which a demurrer was addressed and sustained. A demurrer was then filed

to the complaint which was overruled, following which a general denial closed the issues.

Trial was had resulting in a finding and judgment for the appellee. Following a motion for a new trial, which was overruled, this appeal was perfected, assigning the overruling of such motion as error. The grounds set out in the motion were that the decision was not sustained by sufficient evidence and that it was contrary to law.

The parties here are in accord as to the question involved and that the facts are undisputed. They say together,

"The question of law involved in this proceeding is whether under the undisputed facts the State of Indiana was estopped from claiming the full original 100-foot width of the Michigan Road, now known as State Road No. 29.

"(a) The undisputed facts, as shown by the evidence and recited by the court in its opinion denying to the appellant the relief prayer for in the complaint, are:

"*First:* That the highway in question is the Michigan Road.

"*Second:* That by the terms of a treaty between the United States and the Pottawatomie Indians, said Indian tribe ceded to the United States a strip of land extending from Lake Michigan by way of Indianapolis through to Madison, Indiana, 100 feet wide, upon which a road was to be constructed.

"*Third:* That by certain enactments of the Indiana State Legislature in the late 1820's said road was ordered laid out, marked and established to the width of 100 feet, that proper commissioners were appointed to do the work, and that said road was actually laid out, marked and established.

"*Fourth:* That the plaintiff, through her grantors,

immediate and remote,. obtained title to the land described in the complaint, which land lays adjacent to and along said road, the fee in said land being in said plaintiffs extending to the center of said road.

*"Fifth:* That said road was maintained to the width of forty feet, i. e., 20 feet on either side of the center line of said road, for a period of 40 to 50 years, down to some 5 or 6 years ago.

*"Sixth:* That some 5 or 6 years ago, by order of the State Highway Commission of Indiana, the fences along said road were moved out some 10 feet on either side, making the width of the road between the fences some 60 feet in width.

*"Seventh:* That some two or three years ago the State Highway Commission ordered the fences moved out to a point 50 feet on either side of the center line of said road, making said road of the width of 100 feet.

*"Eighth:* That some time prior to 25 years ago and extending as far back as 50 years, the owners of lands adjacent to and along said road in the vicinity of the land in question, erected fences and constructed houses and business blocks along said road, some of which extended into and upon the 100-foot right-of-way of said road.

*"Ninth:* That the opening of said road to the width of 100 feet would materially damage the property of the owners who have built such improvements out upon said 100-foot strip."

The appellant contends that estoppel should be invoked because the sovereign had for a period of from forty to fifty years acquiesced in the use, by appellant and her grantors, of such portion of the highway as had been fenced.

It is the general rule, recognized by all of the authorities (and conceded by the appellant) that occupancy

of a road established by legal proceedings will not invest an occupant with title nor divest the public of its rights. It is further generally recognized that under certain facts the public may be estopped from asserting its rights.

Where valuable improvements have been made in ignorance of the rights of the public and continued for such a long period of years or to such a pronounced degree along a highway which has not been actually located by monuments, the destruction of which would work irreparable injury, estoppel may be invoked.

The appellant contends that the facts here should estop the public and cites the following cases to sustain such contention: *Hamilton* v. *State* (1885), 106 Ind. 361, 7 N. E. 9; *Collett* v. *Board* (1889), 119 Ind. 27, 21 N. E. 239; *Louisville, New Albany & Chicago Railroad Co.* v. *Shanklin* (1884), 98 Ind. 573; *Cheek* v. *City of Aurora* (1883), 92 Ind. 107; *Anderson* v. *City of Huntington* (1907), 40 Ind. App. 130, 81 N. E. 226; *Town of Newcastle* v. *Hunt* (1911), 47 Ind. App. 249, 93 N. E. 173; *Brooks* v. *Riding* (1874), 46 Ind. 15; Dillon, Municipal Corporations, 5th ed., sec. 1187, *et seq.*

We do not believe it can be said that the fencing of this land was done in ignorance of the rights of the public when it must be presumed that appellant and her grantors are presumed to know that the law decreed this Michigan Road to be one hundred (100) feet wide and that such law had not been repealed. Thus the effect of *Collett* v. *Board* and *Louisville* v. *Shanklin, supra,* are destroyed if the latter ever applied. Nor is it shown that this was irreparable injury as the law announced in the Collett case demands.

It is admitted that this road was laid out and *marked* which means "located by monuments," and under *New-*

*castle* v. *Hunt* and *Brooks* v. *Riding, supra,* this is specifically held to be an exception to the general rule.

As it is also specifically admitted that this road was established at a width of one hundred (100) feet the case of *Anderson* v. *City of Huntington, supra,* can not be applicable. In that case the width had never been established by law.

Dillon says that cases will perhaps arise where justice will require that estoppel be asserted but that such cases must of necessity be a law unto themselves but that there will never be any danger if the doctrine of *estopel in pais* is applied. Dillon Municipal Corporations, *supra.*

This is a fair statement of the law and with it we are in accord. Here, however, we do not believe that the circumstances of the case require the invoking of estoppel.

The appellant contends most vigorously that *Hamilton* v. *State, supra,* is decisive of the case at bar. This was a case where Hamilton had been prosecuted and convicted in the trial court for unlawfully obstructing a highway, which was the Michigan Road, in Decatur county. In the first place we must bear in mind that this was a criminal case and the question of intent to commit the crime necessarily must have existed to have sustained a conviction and it is clear that no such intent was proven. The court said in the opinion that the controlling question was whether, upon the undisputed facts, the conviction was right and followed the question with "We have concluded it was not." Again in the opinion the court asked the question (p. 362): "At all events, is not the public, in view of its long acquiescence, estopped to assert its right, if it has a right, *by means of criminal prosecutions,* against those who had acted in good faith on the appearance of things, as they have been allowed to exist for twenty years and more?" (our italics). The evidence in that case was

that in that community it came to be the general consensus of opinion that the legislature had authorized the reduction in the width of the road. The most that can possibly be said for this is that the public can not assert its right to a highway by means of a criminal prosecution and we are of the opinion that such reasoning as was used by the court in this criminal case should not either control or influence the decision of any civil case today.

Paraphrasing what was said in *City of Lawrenceburgh* v. *Wesler* (1894), 10 Ind. App. 153, 37 N. E. 956, we say that "once a highway always a highway," (which was a maxim of the common law and is the law today) where such highway was established by monuments, unless such highway has been abandoned by correct legal procedure. The control, improvement, and maintenance of the highway are among the functions of the sovereign's officers. The failure of such officers to discharge the duties devolving upon them can not deprive the public of its right to use all such highway nor will the failure to use by the public be treated as an abandonment even if such nonuser extended over the entire period covered by the statutes of limitations. *Wolfe* v. *Town of Sullivan* (1892), 133 Ind. 331, 32 N. E. 1017; *Cheek* v. *City of Aurora, supra; Sims* v. *City of Frankfort* (1881), 79 Ind. 446; *Brooks* v. *Riding, supra.* Further adopting the language of *Ewbank et al., Trustees* v. *Yellow Cab Company et al.* (1926), 84 Ind. App. 144, 149 N. E. 647, we conclude it to be the law that the governmental authorities, broad and comprehensive as their powers are, can not devote the highway to private purposes.

The appellant here can not say that she did not have knowledge of the limits of this highway as the record of the commissioners, who established this Michigan

Road, is considered knowledge of the limits thereof. *Sims* v. *City of Frankfort, supra.*

There is sufficient evidence to sustain the decision of the court and it is not contrary to law. Consequently there was no error in overruling appellant's motion for a new trial, and the judgment of the Boone Circuit Court is in all things affirmed.